**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

*David E. Patton*
Executive Director and
Attorney-in-Chief

*Deirdre D. von Dornum*
Attorney-in-Charge

August 25, 2023

**VIA ECF**

The Honorable Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>**United States v. Grinin et al.**</u>**, 22-CR-409 (HG)**

Dear Judge Gonzalez:

    Defense counsel to Mr. Yermolenko and Mr. Konoschenok ("defense counsel") submit this letter in response to this Court's proposed supplemental protective order. Counsel to Mr. Brayman agree with the modifications to the Court's proposed supplemental protective order, attached as Exhibit A to this letter.[1]

    As discussed in defense counsel's August 9, 2023, letter in response to the government's request for a supplemental protective order, Dkt. No. 71, the supplemental order imposes overbroad restrictions on *all* discovery produced in this case, not just materials marked "sensitive" or "attorneys' eyes only." The government has not established good cause for the blanket restrictions it asks the Court to impose, and such blanket restrictions are generally disfavored, absent consent of defense counsel. *See United States v. DeJesus*, 20-CR-397 (NGG) (S.D.N.Y. Aug. 28, 2020), Dkt. No. 49, Aug. 28, 2020 Tr. at 2 ("I am concerned that blanket protective orders are overbroad and that they could potentially be chilling to defense counsel attempting to investigate the cases brought against their clients."); *United States v. Carriles*, 654 F. Supp. 2d 557, 565 (W.D. Tex. 2009) (noting that "umbrella protective orders are disfavored") (internal quotation marks and citations omitted). Notably, the vast majority of protective orders cited by the government that involve similar blanket restrictions were entered on consent. Here, defense counsel disagrees that the government has established good cause for a blanket protective order based on the particular facts of this case—facts known to government counsel at the time the original protective order was issued.

    Accordingly, defense counsel has added language to paragraphs 2, 3, and 21 of the proposed supplemental order to remove the blanket restrictions on *all* discovery, and instead preserve the

---

[1] Defense counsel will also provide a Word version of Exhibit A to the Court and parties for the Court's convenience.

original protective order's limitation to discovery materials marked "Sensitive" or "Attorneys' Eyes Only."[2]

2. <span style="color:purple">Other than Discovery Materials that were publicly available or within a Defendant's possession prior to the production of such materials by the government,</span> Discovery Materials<span style="color:green">, however</span> designated <span style="color:green">"Sensitive" or "Attorneys' Eyes Only,"</span><span style="color:green">;</span> and any and all copies, notes, <span style="color:green">transcripts,</span> documents and other information and materials derived or prepared from th<span style="color:purple">ose</span> Discovery Materials, may be used by <span style="color:purple">the defendants</span><span style="color:purple">that Defendant,</span> Defense Counsel and "Defense Staff" (which is defined as non-lawyer staff employed by Defense Counsel, as well as expert witnesses, investigators and interpreters retained by Defense Counsel) only for the purposes of defending against the charges in the above-captioned case and any superseding

3. <span style="color:green">None of the</span><span style="color:purple">Other than</span> Discovery Materials <span style="color:green">nor</span> <span style="color:purple">that were publicly available or within a Defendant's possession prior to the production of such materials by the government,</span> <span style="color:green">none of the Discovery Materials</span> marked "Sensitive" or "Attorneys' Eyes Only," or any copies, notes, <span style="color:green">transcripts,</span> documents, or other information and materials derived or prepared from th<span style="color:purple">ose</span> Discovery Materials, shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

<span style="color:red">22</span> <span style="color:purple">21.</span> This Protective Order applies only to unclassified <span style="color:green">sensitive</span> Discovery Material <span style="color:green">marked "Sensitive" or "Attorneys' Eyes Only."</span> Nothing in this Protective Order shall alter or control the handling of any classified material pursuant to the Classified Information Procedures Act and any applicable rules and regulations.

---

[2] Additional modifications by defense counsel appear in green; the modifications previously made by the Court and disclosed to the parties are included in purple.

In support of these modifications, defense counsel submits as Exhibit B a copy of the transcript from an August 11, 2023 hearing in *United States v. Donald Trump*, 23-CR-257 (TSC) (D.D.C. Aug. 11, 2023), in which the Court addressed—and rejected—a similar blanket restriction sought by the government on *all* discovery. District Judge Tanya Chutkan was "not persuaded that the government has shown good cause to subject to the protective order all the information in this case." Exh. B, *United States v. Trump*, 23-CR-257 (TSC) (D.D.C.) Aug. 11, 2023 Tr. at 29. Accordingly, the Court determined "[t]he protective order will govern only materials that the government designates as sensitive." *Id.* at 29. As in *Trump*, any concerns the government has regarding national security or ongoing investigations can be addressed by designating specified materials as "Sensitive" or "Attorneys' Eyes Only;" certainly, not all of the materials, including the contents of the defendants' own personal cell phones, can be considered a threat to national security or ongoing investigations.

Defense counsel to Mr. Yermolenko also submits, under seal, as Exhibit C, a small sample of discovery produced by the government subject to the current protective order.[3] As evidenced by this sample, the materials the government has produced to date contain significant redactions, including redactions to the names of potential witnesses, which seriously limits the risk of any interference with ongoing investigations or national security risk. Additionally, the search warrant applications rely heavily upon the publicly filed superseding indictment, Dkt. No. 6, to establish probable cause. To say that *all* of the discovery in this case implicates national security and ongoing investigations would be a farce. Instead, the Court should continue to require that the government meet the "good cause" standard for any discovery that is subject to a protective order in this case, and thoughtfully review and designate particular materials it believes meet that standard.

Defense counsel to Mr. Yermolenko and Mr. Konoschenok also renew their August 9, 2023, objection to the government's restriction on defense access to discovery outside the United States as unnecessary and unconstitutional. *See Strickland v. Washington*, 466 U.S. 668, 680 (1984) ("the Sixth Amendment imposes on counsel a duty to investigate, because reasonably effective assistance must be based on professional decisions and informed legal choices can be made only after investigation of options."); *United States v. Padilla*, 203 F.3d 156, 159-160 (2d Cir. 2000) ("[b]lanket prohibitions on defendants' communications with their attorneys, even for a relatively short period of time, have been held to violate the Sixth Amendment" and that "as the defendant, his right to counsel otherwise must remain unconstrained."); *see also Geders v. United States*, 425 U.S. 80, 96 (1976) (forbidding all communication overnight between defendant and his counsel denied defendant's Sixth Amendment rights). Defense counsel appreciates the changes made in the Court's proposed supplemental protection order to limit the travel restriction to "Sensitive," or for "Attorneys' Eyes Only" materials. However, the government still has not established good cause for such a restriction as applied to *any* location outside the United States, regardless of location, internet connection, and manner of access or transportation of discovery materials. To the extent the Court sees any restriction on defense access to discovery materials outside the United States appropriate, the language can and should be more narrowly tailored only to apply to countries in which the

---

[3] Exhibit C is submitted under seal and a courtesy copy will be provided to the Court, government counsel, and counsel to Mr. Brayman. Although counsel to Mr. Konoschenok has now signed the protective order previously entered by the parties and ordered by the Court, in an abundance of caution, defense counsel to Mr. Yermolenko has not and will not disclose Exhibit C to Mr. Konoschenok's counsel at this time, as discovery has not yet been produced to her.

government has established good cause based on their national security concerns. Defense counsel has proposed language in paragraph 4 limiting access to "Sensitive" and "Attorneys' Eyes Only" materials "to any country specifically enumerated by the government in Appendix A."[4]

> 4. Sensitive Discovery ~~Materials~~Material and Attorneys' Eyes Only Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from ~~the Discovery Materials~~such material, shall not under any circumstances be intentionally taken, transmitted or accessed, in whole or in part, to any country specifically enumerated by the government in Appendix A~~outside of the United States of America~~, except pursuant to either prior written consent of the government or order of the Court. If a Defendant, Defense Counsel, or a member of Defense Staff inadvertently receives such material while located outside of the United States of America, that person shall promptly take all reasonable measures to delete the copies of such material that they received.

Lastly, as noted in defense counsel's August 16, 2023, second letter in response to the government's request for a supplemental protective order, Dkt. No. 72, imposing an affirmative obligation on defense counsel to report any violation of the protective order could implicate privileged communications. Attorney-client privilege prohibits such reporting obligations on the defense. As noted in the government's letter, a violation of the protective order *could* result in disclosure to the Court under Rule 1.6 of the New York Rules of Professional Conduct (i.e. with the consent of the client or to prevent a client from committing a crime), but it also could trigger other remedial measures contemplated in Rule 3.3(b), such as retrieval and destruction of any improperly disclosed materials. *See* Gov't Letter Re: Supp. Protective Order (Aug. 16, 2023), Dkt. No. 73 at 13. Imposing an affirmative, mandatory obligation on defense counsel to report any violation of the protective order when the mandatory nature of such disclosure under the Rules of Professional Conduct depends on the nature and circumstances of the violation would jeopardize the defendants' Sixth Amendment right to counsel. Defense counsel are aware of their professional obligations to both their clients and the Court and remain prepared to uphold those obligations as required by the specific factual circumstances of this case, including taking immediate and appropriate steps to remedy and, if required, disclose, any violation of the protective order.

Defense counsel has added additional language to paragraph 19 of the Court's proposed supplemental protective order to assuage the government's concerns about remedying violations of the protective order, without blindly imposing on defense counsel an affirmative, non-fact-specific

---

[4] Although the government has suggested particular concern regarding travel to Russia and China, as countries where concerns regarding government control of internet services might increase the risk of interception of discovery materials, the government has not yet enumerated which countries, specifically, they find would pose a heightened risk to national security in this case.

obligation to report all violations, which could implicate privileged communications. Specifically, paragraph 19 has been amended to state the following: "In the event that Defense Counsel or the government learns that the terms of this Protective Order have been violated, counsel shall promptly take all reasonable measures to remedy the violation, including but not limited to deletion or retrieval of any Discovery Material disseminated or obtained in violation of this Order and/or notification to the Court, if appropriate."

> 19. In the event that Defense Counsel or the government learns that the terms of this Protective Order are have been violated, counsel shall promptly take all reasonable measures to remedy the violation, including but not limited to deletion or retrieval of any Discovery Material disseminated or obtained in violation of this Order and/or notification to the Court, if appropriate. ~~Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.~~

For the foregoing reasons, the Court should modify the proposed supplemental protection order to include defense counsel's additional changes.

Respectfully Submitted,

*/s/ Nora K. Hirozawa*

Nora K. Hirozawa
Earl Kirkland
Counsel to Vadim Yermolenko
Federal Defenders of New York, Inc.

*/s/ Sabrina Schroff*

Sabrina Shroff
Counsel to Vadim Konoshchenok